IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLIFFORD THOMPSON &** | § | |
| **JESSICA THOMPSON,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:23-CV-1979-L-BN** |
| | § | |
| **PENNYMAC LOAN SERVICES, LLC,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs' "Application for Temporary Restraining Order and Temporary Injunction" (Doc. 1), filed on Friday, September 1, 2023, at 6:38 p.m.* Plaintiffs' Application was included as a request for relief in their Complaint. Plaintiffs seek an *ex parte* temporary restraining order ("TRO") to prevent the foreclosure sale of their property that is scheduled for Monday, September 5, 2023, between 10 a.m. and 4 p.m. It appears, but is not entirely clear, that Plaintiffs also seek a preliminary injunction or what they refer to as a "temporary injunction," which is a term normally used in state court proceedings. After considering Plaintiffs' Application, the court **denies** the request for an *ex parte* temporary restraining order ("TRO") and **denies without prejudice** any request by Plaintiffs for a preliminary injunction.

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the [TRO or preliminary] injunction [are] not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction [or TRO] will not disserve the public interest.

---

* The undersigned's issuance of this memorandum opinion and order as to Plaintiffs' request for injunctive relief does not affect the referral of this action for pretrial management to the magistrate judge.

**Memorandum Opinion and Order – Page 1**

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993. Otherwise stated, if a party fails to meet any of the four requirements, the court cannot grant the TRO or preliminary injunction.

Under Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue an *ex parte* TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

Plaintiffs seeks an *ex parte* TRO and preliminary injunction to restrain Pennymac Loan Services, LLC ("Defendant"), the current mortgagee, from selling their property located at 508 Bretts Way, Burleson, Texas, 76028. Plaintiffs assert causes of action for alleged violations of the Real Estate Settlement Procedure Act of 1974 and Chapter 51 of the Texas Property Code. In a Certificate of Conference, Plaintiffs' attorney "certifies" that she attempted to notify foreclosure counsel via e-mail on August 31, 2023, that Plaintiffs would be filing their Complaint and Application for injunctive relief, but she did not hear back from foreclosure counsel before filing Plaintiffs' Application on September 1, 2023. Plaintiffs' attorney "further states that considering

**Memorandum Opinion and Order – Page 2**

the imminency of the harm threatened to Plaintiffs with the foreclosure of their property in just a few days, that the [sic] TRO be issued without notice to the Defendant."

While Plaintiffs' counsel certifies that she attempted to contact foreclosure counsel, the additional statement about imminent harm warranting *ex parte* relief is not certified and neither of these statements is included in an affidavit. That counsel attempted to inform counsel for Defendant of Plaintiffs' intention to seek injunctive relief four days before the scheduled foreclosure sale that included an intervening weekend and national holiday also undermines any assertion that "immediate and irreparable injury, loss, or damage will result to [Plaintiffs] before [Defendant] can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Accordingly, Plaintiffs' Application does not satisfy either of Rule 65(b)(1)'s requirements for *ex parte* relief.

The court also seriously questions whether Plaintiffs can show that there is a substantial likelihood that they will prevail on the merits of any other their claims as currently pleaded because certain alleged statutory violations do not give rise to a private cause of action, and insufficient facts are alleged regarding other alleged statutory violations that are pleaded in conclusory fashion. Thus, even if Plaintiffs had satisfied the requirements of Rule 65(b), their failure to establish each of the requirements for injunctive relief precludes the issuance of a TRO or a preliminary injunction. The court, therefore, **denies** Plaintiffs' Application for an *ex parte* TRO (Doc. 1) and **denies without prejudice** any request by them for a preliminary injunction.

**It is so ordered** this 5th day of September, 2023.

Sam A. Lindsay
United States District Judge